United States District Court
Central District Of Illinois
Peoria Division

DeArius Johnson #M12287
Plaintiff,

v.

JB Pritzker (Governor Of Illinois)
Rob Jeffreys (Director Of Illinois Department Of Corrections)
Defendants
In Their Official Capacity.

COMPLAINT

## JURISDICTION AND VENUE

1.) This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. section 2201 and 2202. Plaintiff also seeks injunctive relief authorized by 28 U.S.C. section 2283 and 2284, and Rule 65 of the Federal Rules Of Civil Procedure.

2.) The United States District Court for the Central District of Illinois is an appropriate venue under 28 U.S.C. section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## PLAINTIFF

3.) Plaintiff, DeArius Johnson, is and was at all times mentioned herein, a prisoner of the State Of Illinois, in the custody

①

of the Illinois Department of Corrections. He is currently confined at Hill Correctional Center, in Galesburg, Illinois.

### DEFENDANT(s)

4.) Defendant, JB Pritzker, is the Governor of the State of Illinois. He is legally responisble for signing into or denying laws created by legislators in the State of Illinois.

5.) Defendant, Rob Jeffreys, is the Director of the Illinois Department of Corrections. He is legally responisble for the overall operations of the Illinois Department of Corrections and each institution under it's jurisdiction, including Hill Correctional Center.

6.) Both defendants are sued in their official capacity. At all times mentioned in this complaint, each defendant acted under the color of state law.

### CLASS ACTION ALLEGATIONS

7.) Plaintiff brings this claim for injunctive relief under the Equal Protection clause of the Fourteenth Amendment on behalf of all individuals in custody that's been incarcerated for first degree murder, in between the ages of 18 to 21 years of age, from the year of 1998 (after the enactment of the Truth-In-Sentencing law), up until the year of 2019 (before the enactment of the new Parole Law), throughout the Illinois Department of Corrections. A class action is proper pursuant to Rules 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the federal Rules of

Civil Procedure.

8.) The class is so numerous that joinder is impracticable. On belief and information, there may be more than 150 members of this class.

9.) There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individuals class members. Here, Plaintiff challenges the unequal treatment of individual class members throughout the Illinois Department of Corrections, in which, constitutes a Equal Protection of laws violation.

10.) Plaintiff claims are typical of the claims of the class.

11.) Plaintiff can fairly and adequately represent and protect the intrest of the absent class members.

12.) Seperate injunctions and declaratory actions maintained by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, thereby establishing incompatible standards of conduct for the defendants. Adjudications regarding individual class members would, as a practical matter, be dispositive of or impair the intrest of other members not parties to the adjudication or substantially impair their ability to protect their intrest.

13.) Defendants have acted or refused to act on grounds generally applicable to the class that Plaintiff represent, thereby making final injunctive and/or declaratory relief appropriate for the class as a whole.

14.) The question of law or fact common to the members of the class, predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FACTS

15.) The Governor of Illinois and the Director of the Illinois Department of Corrections are currently in violation of the Equal Protection law of the United States Constitution, by enforcing the Truth-In-Sentencing law, in which, forces Plaintiff to serve one hundred (100) percent of his sentence, without any form of good time credits or parole eligibility, opportunities offered to other individuals convicted of the same crime the Plaintiff is convicted of.

16.) The Illinois Truth-In-Sentencing law, "as-applied", to individuals who at the time of their charge of first degree murder, were 18 to 21 years of age, is unconstitutional due to it being in direct violation of the Equal Protection clause, that's guaranteed to them by the Fourteenth Amendment of the United States Constitution.

17.) Illinois and the Illinois Department of Corrections is currently enforcing three (3) different statutes for the same group of individuals, all being convicted and sentenced for first degree murder.

18.) In group one (1), if you were 18 to 21 years of age, and was convicted and sentenced for first degree murder "before" the enactment of the Truth-In-Sentencing law (before 1998), you were

sentenced to serve your imprisonment at fifty (50) percent (serving only half of your sentence). Also, individuals sentenced then are eligible to receive good conduct credits (good-time), in which, reduces their sentence even more. (see: 730 ILCS 5/3-6-3(a)(2) (West 1994), it states: The prisoner shall receive one day of good conduct credit for each day of service in prison other than where a sentence of natural life has been imposed. Each day of good conduct credit shall reduce by one day the inmate's period of incarceration set by the court.). Illinois still enforces this statute for individuals currently incarcerated to this very day.

19.) In group two (2), if you were 18 to 21 years of age, and was convicted and sentenced for first degree murder "after" the enactment of the Truth-In-Sentencing law (after 1998 and before 2019) you were sentenced to serve your imprisonment at one hundred (100) percent (serving your entire sentence). Also, individuals sentenced then are not eligible to receive any form of good conduct credits (good time). (see: 730 ILCS 5/3-6-3(a)(2)(i), it states: That a prisoner who is serving a term of imprisonment for first degree murder shall receive no good conduct credit and shall serve the entire sentence imposed by the court.).

20.) In group three (3), if you are 18 to 21 years of age, and convicted and sentenced for first degree murder "after" the new Parole law enacted June 1, 2019, you are eligible for parole review after serving twenty (20) years. This opportunity effectively gives these individuals a chance to reduce their one hundred (100) percent

mandatory sentence from anywhere between twenty (20) to sixty (60) percent, depending on the sentence handed down by the court, and if their paroled or not. (see: 730 ILCS 5/5-4.5-110(b), it states: A person under twenty-one (21) years of age at the time of the commission of first degree murder who is sentenced on or after the effective date (June 1, 2019) of this amendatory Act, shall be eligible for parole review by the Prisoner Review Board after serving twenty years.). This law was created due to research discovery of youthful brain developement. While the law only spoke of youthful offenders brains not developing fully at eighteen or at twenty-one, not until the mid-twenties, the law was not made retroactive, and drew a yellow line at individuals sentenced after it's effective date of June 1, 2019. (see exhibit A - Senate transcript of the law being debated and passed (highlighted sections)).

21.) Plaintiff falls into group two (2), Plaintiff was sentenced under the Truth-In-Sentencing law and has to serve one hundred (100) percent of his sentence without any form of eligibility for good conduct credits or a chance for parole review, the opposite of groups (1) and (3)

22.) Plaintiff fails to see any rational related government intrest behind not allowing individuals convicted and sentenced of first degree murder between 1998 and 2019, who were 18 to 21 years of age at the time of their crime, to receive good conduct credits or be eligible for parole review. Even individuals who were convicted and sentenced for first degree murder between 1998 and 2019, and were 18 to 21 years of age, are eligible for parole review after

twenty years, but only if their resentenced for whatever reason.

23.) All three (3) different sets of statutes are currently being enforced by the Illinois Department of Corrections, against a group of similar situated individuals.

## LEGAL CLAIMS

24.) Plaintiff realleges and incorporates by reference paragraphs 1-23 of this complaint.

25.) Plaintiff has rights protected under the Fourteenth Amendment of the United States Constitution. These rights include the right to be free from unequal treatment under the law.

26.) Plaintiff has excercised their constitutional protected rights to be free from unequal treatment under the law, by the filing of this lawsuit.

27.) The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants, unless this court grants the declaratory and injunctive relief that the Plaintiff seeks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgement granting Plaintiff:

28.) A declaration that the act(s) and omissions described herein violated the Plaintiffs rights under the Constitution and laws of the United States.

29.) A permanent injunction ordering defendants JB Pritzker and Rob Jeffreys to allow Plaintiff to receive day for day good conduct credits and other forms of good time credits, and to be eligible for parole review after serving twenty (20) years of incarceration, similar to others.

30.) A jury trial on all issues triable by jury.

31.) Plaintiffs costs in this suit.

32.) Any additional relief this court deems just, proper, and equitable.

Respectfully Submitted,
DeArius Johnson
P.O. Box 1700
Galesburg, IL 61402

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters therein are true, except as to matters on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Galesburg, Illinois on January 29, 2022
DATE

DeArius Johnson
DeArius Johnson

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
### Return of Grievance or Correspondence

Last Name: Johnson    First Name: Darius    MI: _____    ID#: M12287

Facility: Hill

☐ Grievance: Facility Grievance # (if applicable) _____    Dated: 11/7/21    or ☐ Correspondence: Dated: _____

Received: 11/18/21    Regarding: Sentence Calculation

---

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
- ☒ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
- ☒ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.
- ☐ Provide dates when incidents occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**
- ☐ Contact your correctional counselor or Field Services regarding this issue.
- ☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**
- ☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.
- ☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on _____ (Date)
- ☐ No justification provided for additional consideration.

**Other** (specify): _____

Completed by: Debbie Knauer    Signature: Debbie Knauer    Date: 11/22/21

Distribution: Offender, Inmate Issues    Printed on Recycled Paper    DOC 0070 (Rev. 3/2018)

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

Assignee Grievance #/Institution: 21-11-083 / Hill
1st Lvl rec: _____    2nd Lvl rec: M12287
Housing Unit: _____    Bed #: _____

Date: 11-7-21
Offender (please print): DeArius Johnson
ID #: M12287
Race (optional): Blk
Present Facility: Hill C.C.
Facility where grievance issue occurred: Hill C.C.

**Nature of grievance:**
- [ ] Personal Property
- [ ] Mail Handling
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] Staff Conduct
- [ ] Dietary
- [ ] HIPAA
- [ ] Restoration of Sentence Credit
- [ ] Transfer Denial by Facility
- [x] Other (specify): IDOC violating Equal Protection rights by administering Truth-In-Sentencing laws through Unified Code Of Corrections
- [ ] Disciplinary Report

Date of report: _____    Facility where issued: _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":
- Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
- Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
- Chief Administrative Officer, only if EMERGENCY grievance
- Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

IDOC is in violation of my Constitutional, Equal Protection rights. The Illinois "Truth-In-Sentencing" law, in which, makes me serve 100 percent of my sentence for first degree murder, is administered by IDOC, "as-applied" to individuals, who at the time of their charge of first degree murder were 18 to 21 years of age, is unconstitutional because it is in direct violation of the Equal Protection clause that's guaranteed by the 14th Amendment of the United States Constitution. The Equal Protection clause guarantees and requires that the States (Illinois) must give similar situated person's or classes

[x] Continued on reverse

**Relief Requested:** To switch the percentage of my sentence from 100 percent to 50 percent. And to amend the Unified Code Of Corrections as such.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
[ ] Check if this is NOT an emergency grievance.

Offender's Signature: DeArius Johnson    ID#: M12287    Date: 11-7-21
(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: _____    [ ] Send directly to Grievance Officer
[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name: _____    Sign Counselor's Name: _____    Date: _____

RECEIVED NOV 18 2021 ADMINISTRATIVE REVIEW BOARD

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: 11/9/21
Is this determined to be of an emergency nature?
- [ ] Yes, expedite emergency grievance
- [x] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure.

Chief Administrative Officer's Signature: _____    Date: 11/9/21

Distribution: Master File; Offender    Page 1 of 2    DOC 0046 (Rev. 01/2020)

## State of Illinois - Department of Corrections

### Counseling Summary

| | |
|---|---|
| **IDOC #** M12287 | **Counseling Date** 11/10/21 09:10:31:853 |
| **Offender Name** JOHNSON, DEARIUS | **Type** Collateral |
| **Current Admit Date** 08/15/2013 | **Method** Grievance |
| **MSR Date** 12/28/2040 | **Location** HIL  CLINICAL SERVICES |
| **HSE/GAL/CELL** R3-D -52 | **Staff** PEARCE, KIMBERLY A., Office Coordinator |

Determination Response Returned on this date GR# 21-11-082 Subject: Other "IDOC violation equal protection rights by administering truth-in-sentencing laws through united code of corrections" as CAO and/or CAO Designee determined grievance was non-emergent in nature. Individual in custody may refile the grievance via the institutional grievance mailbox in the housing unit as appropriate for a first-level counselor response.

RECEIVED
NOV 18 2021
ADMINISTRATIVE
REVIEW BOARD

**Print Date** 11/10/2021

```
                    STATE OF ILLINOIS
                  100th GENERAL ASSEMBLY
                     REGULAR SESSION
                     SENATE TRANSCRIPT
```

57th Legislative Day                                    5/31/2017

voted who wish?  Have all voted who wish?  Have all voted who wish?  Take the record.  On that question, there are 36 Ayes, 17 Nays, none voting Present.  House Bill 531, having received the required constitutional majority, is declared passed.  House Bill 737.  Senator Righter.  House Bill 739.  Senator Righter.  House Bill 740.  Senator Righter.  House Bill 741.  Senator Righter.  House Bill 742.  Senator Righter.  That's the quickest we did anything with Righter.  House Bill 759.  Senator Mulroe.  Mr. Secretary, please read the bill.

SECRETARY ANDERSON:

House Bill 759.

(Secretary reads title of bill)

3rd Reading of the bill.

PRESIDING OFFICER:  (SENATOR LINK)

Senator Mulroe, on your bill.

SENATOR MULROE:

Thank you, Mr. President, Members of the Senate.  House Bill 759 clarifies that nothing in the limited lines producer license Section shall be construed to require financial institutions, or their employers {sic} (employees), to become licensed if the financial institution enrolls or performs other administrative services to enable customers to purchase insurance coverage.  I know of no opposition.  I'd ask for your support.

PRESIDING OFFICER:  (SENATOR LINK)

Is there any discussion?  Seeing none, the question is, shall House Bill 759 pass.  All those in favor, vote Aye.  Opposed, Nay.  The voting is open.  Have all voted who wish?  Have all voted who wish?  Have all voted who wish?  Take the record.  On that question, there are 55 Ayes, no Nays, none voting Present.  House Bill 759,

```
                    STATE OF ILLINOIS
                  100th GENERAL ASSEMBLY
                     REGULAR SESSION
                     SENATE TRANSCRIPT
```

57th Legislative Day                                    5/31/2017

Supreme Court recognized that the age of an offender when they commit the crime should weigh in on how we treat their long sentence and that we -- we should be evaluative of offenders on an individualized basis. The Governor, when he came into office, recognized that in criminal justice we have moved to a place where we've moved away from individualized evaluation and he appointed a criminal justice reform commission to reverse some of the negative, easy -- easy legislative letter material policies that we put in place so we could say we were tough on crime. That has cost us fiscally. We can't afford it. But, secondly, it's not just. We ought to empower the Prisoner Review Board and -- and -- and judges to evaluate, to use their discretion to evaluate individual circumstances. A prisoner review board is not going to open up the gates of the Department of Correction {sic} (Corrections) and let every youthful -- every offender that may have committed a crime in their young days out. The sky is not going to fall. But we ought to recognize a message that the Supreme Court of these United States of America sent us to say that we evaluate these offenders who may have committed a crime when they were very young and who have spent a considerable amount of time in the Department of Corrections and make a decision based on each individual case, and not doing so is unjust. It's inconsistent with the principles of -- of criminal justice and -- and I urge an Aye vote on this bill.

PRESIDING OFFICER:    (SENATOR LINK)

    Senator Harmon, to close.

SENATOR HARMON:

    Thank you, Mr. President. Thank you, Ladies and Gentlemen of the Senate for the debate. I would like to close by pointing out