UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEARIUS JOHNSON,<br>   Plaintiff, | )<br>)<br>) |
| vs. | )    Case No. 22-4035<br>) |
| J.B. PRITZKER and ROB JEFFREYS,<br>   Defendants | )<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

Plaintiff, a pro se prisoner, has filed a complaint pursuant to 42 U.S.C. §1983 and a Motion to Certify a Class Action. [1, 6].

Plaintiff is seeking to file a lawsuit on behalf of all individuals incarcerated for first degree murder who "were 18 to 21 years of age at the time of the crime, and who were convicted and sentenced to first degree murder and was 18 to 21 years of age, between the year of 1998 (after enactment of the Truth-In-Sentencing law), up until the year of 2019 (before enactment of the New Parole law)." (Mot., [6], p. 1).

Federal Rule of Civil Procedure 23 requires class members must be provided with adequate representation. *See* Fed.R.Civ.P. 23(a)(4). Based on this requirement, courts have repeatedly refused to allow pro se prisoners to represent a class in a class action. *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015)("it is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative."); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to

permit imprisoned pro se litigant to represent his fellow inmates in a class action); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("litigant may bring his own claims to federal court without counsel, but not the claims of others."). Plaintiff is not represented by counsel and the Court finds he cannot fairly and adequately protect the interests of the class. *See* Fed.R.Civ.P 23(a)(4). The Motion to Certify a Class Action is denied. [6].   However, the Court will consider the Plaintiff's claims as they pertain to him.

permit imprisoned pro se litigant to represent his fellow inmates in a class action); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("litigant may bring his own claims to federal court without counsel, but not the claims of others."). Plaintiff is not represented by counsel and the Court finds he cannot fairly and adequately protect the interests of the class. *See* Fed.R.Civ.P 23(a)(4). The Motion to Certify a Class Action is denied. [6].   However, the Court will consider the Plaintiff's claims as they pertain to him.

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

 ticket.

Plaintiff says he was sentenced under Illinois Truth in Sentencing Law for First Degree Murder.  Therefore, Plaintiff must serve 100% of his sentence. 730 ILCS 5/3-6-3(a)(2)(i). However, Plaintiff says inmates who were sentenced prior to the enactment of this statute only had to serve 50% of their sentence and were entitled to receive good time credits.  In addition, inmates who were sentenced under the New Parole Law enacted on June 1, 2019, are eligible for parole review after 20 years.

Plaintiff says the difference in sentences under the three statutes violates his equal protection rights under the Fourteenth Amendment.  Therefore, he asks the Court

to order the Governor and the Illinois Department of Correction (IDOC) Director to allow Plaintiff to receive good time credits and to receive parole review after 20 years.

In short, Plaintiff is seeking to shorten the length of his incarceration. However, the Supreme Court has held a *habeas* petition pursuant to 28 U.S.C. § 2254 is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Moran v. Sondalle*, 218 F.3d 647, 650–51 (7th Cir. 2000) ("[s]tate prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek *habeas corpus*, because they contest the fact or duration of custody."). Consequently, Plaintiff's 28 U.S.C. §1983 complaint is filed pursuant to the wrong statute. *See Johnson v. Jeffreys*, 2021 WL 2139066, at *1 (S.D.Ill. May 26, 2021)( "the Court must independently evaluate the substance of Plaintiff's claim to determine if the correct statute—in this case Section 1983 or 28 U.S.C. § 2254—is being invoked."), *citing Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002)(court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked).

Generally, a court cannot convert a §1983 lawsuit into a *habeas* petition pursuant to § 2254 since "the two kinds of actions have different conditions, different defendants (or respondents), and different consequences." *Wilks v. Rymarkiewicz*, 667 Fed.Appx. 549, 551 (7th Cir. 2016). For instance, a state prisoner must exhaust the remedies available in the state courts before a district court may consider the merits of his federal

*habeas* petition. *See* 28 U.S.C. § 2254(b)(1)(A). Therefore, Plaintiff's case is dismissed for failure to state a claim upon which relief can be granted.

  IT IS THEREFORE ORDERED:

1) Plaintiff's Motion to Certify a Class Action is DENIED. [6].

2) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending motions are denied as moot. [5, atty].

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED this 21st day of June, 2022.

        s/James E. Shadid
       _____
        JAMES E. SHADID
      UNITED STATES DISTRICT JUDGE